IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-400-D

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING TRIAL** |
| | ) | |
| MERCEDES CHRISTMAS-MCKINNIE, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). Defendant presented the testimony of the proposed third-party custodians, her father and her father's girlfriend. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in four counts of a nine-count indictment on 20 December 2012 with: conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin beginning no later than in or around 2009 and continuing up to and including on or about 20 November 2012 in violation of 21 U.S.C. § 846 (ct. 1); possession with the intent to distribute a quantity of heroin, and aiding and abetting the same, on or about 3 May 2011 in violation of 21

U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (ct. 5); possession of a firearm in furtherance of a drug trafficking crime, and aiding and abetting the same, on or about 3 May 2011 in violation of 18 U.S.C. §§ 924(c) and 2 (ct. 6); and distribution of a quantity of heroin on or about 20 November 2012 in violation of 21 U.S.C. § 841(a)(1) (ct. 9).

The evidence presented at the hearing showed that the charges arise, in part, from a stop of the vehicle in which defendant was riding with her boyfriend and her two then 4-year-old twins on 3 May 2011 after a confrontation with another male friend of hers. In the hump area of the car (comparable to where the center console would be in a more modern car), she placed 840 bags of heroin (equivalent to approximately 80 grams) and her loaded .22 caliber handgun, all within reach of the twins, who were not secured in their seats. There was also another handgun in the vehicle.

On 9 February 2012, personnel with the ATF and the Henderson Police Department interviewed defendant. She admitted that her co-defendant, with whom she was living, travelled to New Jersey to obtain heroin. She said she had seen him more than 40 times with firearms and 12 or more times with heroin.

Investigation showed that defendant and the co-defendant sought out firearms and that the co-defendant was exchanging firearms for heroin in New Jersey. He often used defendant's car to travel to New Jersey for this purpose. Investigation further established that the co-defendant has been one of the largest drug dealers in the Henderson area, and that he and defendant used their residence to store guns and drugs in which they trafficked. The co-defendant has been charged with murder in connection with the shooting of a 16-year-old man a short distance from their residence.

On 20 November 2012, a confidential informant made a controlled buy of 80 bags of heroin from defendant. The heroin came from defendant's home. The transaction occurred in defendant's car. At the time, one of her children was in the car. She had picked him up at school, made a quick stop at home, delivered some marijuana to a buyer in a restaurant parking lot, and then made the controlled purchase.

At the time, she was on pretrial release for the state charges arising from 3 May 2011 incident. In addition, she had known for a year that federal authorities were investigating her. When questioned after her federal arrest on 21 December 2012 about why she continued her offense conduct notwithstanding such knowledge, she said that she was in love with the co-defendant and weak-minded.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug- and gun-related nature of the offenses charged; the circumstances of the offenses charged, including the volume of the drugs and guns involved in the conspiracy charged, defendant's apparent central role in the alleged conspiracy, and defendant's exposure of her minor children to the dangers associated with trafficking in drugs and firearms; the danger of continued drug- and gun-related offense conduct by defendant if released; defendant's marijuana habit; defendant's self-professed susceptibility to the influence of her co-defendant; the unsuitability of the proposed third-party custodial arrangement due to

the extent of the risk of danger presented by defendant and the presence of minor children in the home; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, as ably discussed by defendant's counsel, but finds that the factors favoring detention outweigh such evidence. For example, the fact that defendant does not have any criminal record is offset by the extensive drug and gun trafficking in which the record shows she has been involved. In addition, although the co-defendant is now in custody, defendant appears to have had a sufficiently important role in the conspiracy that she likely retains the ability to carry on the drug and gun trafficking activity if she wishes to do so. The fact that she continued her offense conduct knowing that she was under scrutiny of law enforcement tends to indictate that supervision of her by the Probation Office and the proposed custodians would be unlikely to deter her from her further offense conduct. Finally, while it is true that the pretrial services report recommended release, that recommendation was necessarily made without the benefit of the overwhelming evidence of defendant's dangerousness presented at the hearing.

## **Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 31st day of December 2012.

*James E. Gates*
United States Magistrate Judge